(122 So. 308)

## ROGERS v. STATE.   (7 Div. 465.)

Court of Appeals of Alabama.   May 7, 1929.

C. A. Wolfes, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

BRICKEN, P. J.   The companion case to this, that of Earnest Rogers v. State (Ala. App.) 121 So. 925,[1] has been decided by this court during the present term and an affirmance of the judgment of conviction therein was ordered.

---

[1] Post, p. 672.

A careful scrutiny of the evidence in this case convinces us that a material and vital difference appears in the two cases, although the two prosecutions grew out of the same transaction. In the instant case the whole evidence, we think, refutes all knowledge, intent, or purpose upon the part of this appellant to commit, or aid or abet his brother in the commission of, the felonious assault complained of, and the law is: Before a conviction can be had upon a charge of this character, it must affirmatively appear from the evidence—that is to say, it must be shown by the evidence beyond a reasonable doubt and to a moral certainty—that this appellant had the intent unlawfully and with malice aforethought to kill the person assaulted, or that he aided, abetted, induced, or encouraged his brother in the commission of said act. There is no evidence tending to show that this appellant did any or either of these things. The evidence on this point is to the effect that he was merely trying to leave the place, and that he did not know his brother, Earnest, was there, or that he was armed, and certainly that he did not know he intended to shoot Cagle, the injured party. There appears from the undisputed evidence that there was no concert or community of purpose to this end. This being true, we think it would be unconscionable to permit the judgment of conviction for this felony against this appellant to stand. There is nothing in this evidence tending to show that this appellant was an accessory, in any sense that word implies, to the unlawful assault made by his brother on that occasion. It makes no difference if it does appear that appellant's conduct primarily was the cause of the unfortunate occurrence, for the law does not countenance the conviction of, any person for an offense not contemplated, intended, or committed by him, and of which he had no knowledge that the offense was about to be committed. Aylward v. State, 216 Ala. 218, 113 So. 22. In that case the Supreme Court, through Mr. Justice Sayre, said:

"If two persons are put on trial for a crime as to which the evidence affords no reasonable inference that the criminal act was done in co-operation by the two, the state assumes the burden of fastening guilt upon one or the other of them beyond a reasonable doubt, and no conviction can be had on the ground that one or the other of them must have been guilty, and, of course, the same principle of justice must apply in case the two are tried separately. Any other rule would justify a conviction upon a speculative conclusion. That, of course, cannot be allowed, for the law in every criminal case requires as a prerequisite to a verdict of guilt that the jury must be satisfied of the guilt of defendant beyond a reasonable doubt. Proof that either one or the other of two committed a crime, without fastening guilt upon either, or both in co-operation, does not satisfy the mandate of justice."

This is the view taken by this court, based upon the undisputed evidence and its tendencies. The court erred in not granting defendant's motion for a new trial.

Reversed and remanded.

